UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**DEBRA KINCAID,**
N1059 Cold Spring Rd
Fort Atkinson, WI 53538

Plaintiff,

Case No. **25-CV-593**

vs.

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, INC.**
Registered Agent:
Corporation Service Company
33 East Main Street, Suite 610
Madison, WI 53703

Defendant.

---

## COMPLAINT

---

The Plaintiff, Debra Kincaid, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Fort Atkinson, Wisconsin.

2. Defendant, the Lincoln National Life Insurance Company (d/b/a Lincoln Financial Group and hereinafter referred to as LFG), on information and belief is a corporation organized under the laws of the state of Indiana, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures the long-term disability insurance plan for Clasen Quality Chocolate (the Plan), which constitutes an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974, as amended (ERISA), that has been in effect since at least January 1, 2020 and continues to the present time.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this Court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district, and because in substantial part the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

### a. Employment History

8. In or around September 2019, Plaintiff began working for Clasen Quality Chocolate as a Depositing Technician.

9. As of her last day worked, Plaintiff's monthly earnings totaled $5,571.28.

10. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the long-term disability (LTD) coverage provided by the Plan.

11. On or about November 18, 2021, Plaintiff was attempting to lift a heavy pipe at work when her left leg and hip twisted and buckled, resulting in pain in her left hip, left leg, and lower back.

12. Following the injury, Plaintiff experienced symptoms that impacted her ability to perform the material duties of her own occupation, including inability to sit, stand or walk for extended periods of time, or lift more than five pounds.

13. Plaintiff's resulting medical conditions forced her to cease working altogether on April 14, 2022.

14. Following her cessation of work, Plaintiff applied for short-term disability (STD) benefits under a plan administered by Defendant.

15. Defendant approved Plaintiff's claim for STD benefits through the maximum benefit period (approximately July 13, 2022).

16. On or about April 14, 2022, Plaintiff subsequently applied for LTD benefits with Defendant.

17. By letter dated August 28, 2022, Defendant approved Plaintiff's claim for LTD benefits starting July 13, 2022.

18. On March 14, 2024, Defendant notified Plaintiff that it had conducted a review of her LTD benefits and prospectively determined that she was ineligible for benefits beyond July 13, 2024.

19. Under the terms of the Plan, the "Own Occupation" period applicable to Plaintiff's LTD claim ended on July 13, 2024. After that date, Plaintiff was required to meet the Plan's "Any Gainful Occupation" standard to remain eligible for benefits.

20. Defendant denied Plaintiff's claim for continued LTD benefits beyond July 13, 2024 based on its determination that Plaintiff did not satisfy its "Any Gainful Occupation" standard.

21. On May 2, 2024, Plaintiff filed an appeal of Defendant's decision to deny her LTD claim, and Defendant acknowledged receipt of the same on May 21, 2024.

22. On May 23, 2024, Defendant's independent medical consultant conducted a peer review report it claimed supports a denial of Plaintiff's claim.

23. On May 28, 2024, Defendant sent Plaintiff a letter informing her of the peer review, and requesting any additional information that might support her claim thereafter.

24. Plaintiff sent Defendant additional medical documentation supporting her claim for benefits.

25. On July 17, 2024, Plaintiff's physician Dr. William Shannon, a specialist in rehabilitation medicine, sent a medical source statement outlining Plaintiff's medical conditions and restrictions. These restrictions were inconsistent with an ability to perform fulltime sedentary work.

26. On July 26, 2024, Defendant sent Plaintiff a letter informing her that further medical reviews had been completed, and requesting she send in any additional information that might support her claim thereafter.

27. On August 9, 2024, Dr. Shannon sent a letter supporting Plaintiff's claim for benefits and rebutting the findings of Defendant's peer review, along with providing additional medical documentation.

28. On August 28, 2024, Defendant sent Plaintiff a letter informing her that further medical reviews had been completed, and requesting she send in any additional information that might support her claim thereafter.

29. On September 6, 2024, Dr. Shannon sent another letter supporting Plaintiff's claim for benefits and rebutting the findings of Defendant's peer review.

30. Plaintiff also provided Defendant with a copy of the Social Security Administration's decision to grant Plaintiff's claim for Social Security Disability Insurance (SSDI) Benefits.

31. On October 16, 2024, Defendant sent Plaintiff a letter informing her that further medical and vocational reviews had been completed, and requesting she send in any additional information that might support her claim thereafter.

32. On October 24, 2024 Dr. Shannon sent a third letter supporting Plaintiff's claim for benefits and rebutting the findings of Defendant's peer review.

33. On November 4, 2024, Defendant notified Plaintiff by letter that it was denying her claim for LTD benefits as of July 13, 2024. In its letter, Defendant

claimed it had conducted a vocational review that found Plaintiff could perform sedentary work.

34. Defendant's November 4, 2024 letter stated that Plaintiff may pursue a final administrative appeal within 180 days.

35. By letter dated March 25, 2025, Plaintiff appealed Defendant's decision to deny her LTD claim, and Defendant acknowledged receipt of the same on April 1, 2025.

36. By letter dated April 28, 2025, Defendant provided Plaintiff with an Appeal Nursing Memorandum, a Vocational Memorandum, and requested any additional information that might support Plaintiff's claim thereafter.

37. Plaintiff responded by letter on May 9, 2025, rebutting the conclusions of Defendant's Nursing and Vocational Memoranda.

38. By letter dated May 29, 2025, Defendant denied Plaintiff's appeal.

39. Defendant was responsible for determining whether Plaintiff was eligible for LTD benefits.

40. Defendant was responsible for paying Plaintiff's LTD benefits.

41. Plaintiff's LTD benefit is worth approximately $3,714.37 per month.

42. Plaintiff timely appealed Defendant's denial of Plaintiff's benefit claims.

43. Plaintiff submitted complete medical documentation in support of her disability as part of the appeal.

44. Plaintiff submitted all information requested by the Defendant.

45. Defendant failed to consider the issues raised in Plaintiff's appeal.

46. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

47. Defendant did not perform a "full and fair review" of Plaintiff's claim.

48. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

49. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

50. Defendant failed to engage in a meaningful dialogue with Plaintiff.

51. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

52. Defendant conducted a selective review of Plaintiff's medical records.

53. Defendant unreasonably required objective medical evidence of Plaintiff's condition which is not reasonably possible to obtain for her specific medical conditions.

54. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

55. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

56. At all times material to this case, the Plan has remained in full force and effect.

57. Defendant's denial of Plaintiff's claim for LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

58. The preceding paragraphs are reincorporated by reference as though set forth here in full.

59. Plaintiff has been and remains disabled, as that term is defined by the Plan.

60. Defendant's decision to deny Plaintiff's benefits was incorrect, as well as arbitrary and capricious.

61. Defendant interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

62. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plan from one case to the next.

63. As both the payer of claims and the adjudicator of LTD claim eligibility, Defendant has an inherent conflict of interest.

64. The Plan provides for the offsetting of Plaintiff's SSDI benefits against Plaintiff's LTD benefits. As such, Defendant relied on Plaintiff's SSDI award in instances when it benefited Defendant but unreasonably ignored Plaintiff's SSDI disability determination in denying Plaintiff's claim for LTD benefits.

65. Defendant's denial of Plaintiff's LTD benefits was "downright unreasonable."

66. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Debra Kincaid, demands judgment from the Defendant for the following:

A. Payment of all retroactive LTD benefits owed to Plaintiff under the terms and conditions of the Plan;

B. A declaration of Plaintiff's continued eligibility for all LTD benefits under the Plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: July 14, 2025.

By: *\/s/ Jessa L. Victor*
Jessa L. Victor, WI State Bar No. 1099144
Forrest C Stewart, WI State Bar No 1124604
Attorneys for Plaintiff, Debra Kincaid
Hawks Quindel, S.C.
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Email: jvictor@hq-law.com, fstewart@hq-law.com