**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

**DEBRA KINCAID,**

**Plaintiff,**

**CIVIL ACTION NO. 3:25-cv-00593-amb**

**V.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Debera Kincaid ("Plaintiff") and Lincoln files a counterclaim through its undersigned counsel and alleges as follows:

## PARTIES

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2. Lincoln admits that it is an Indiana Corporation that it is licensed to engage in the business of insurance in the State of Wisconsin. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Clasen Quality Chocolate ("Clasen"), which Policy, at certain times, insured benefits paid by the Clasen Quality Chocolate Long Term Disability Plan (the "LTD Plan"). Lincoln admits the LTD Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits that it was, at certain times, the claim administrator

for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln specifically denies that it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Lincoln admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln admits Plaintiff was, at certain times, employed by Clasen and was, at certain times, a participant in the LTD Plan. Lincoln admits that it issued the Policy to Clasen, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 6 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

## FACTS

8. Lincoln admits Plaintiff was, at certain times, employed by Clasen as a Quality Control Technician. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that documents containing information regarding Plaintiff's income received from Clasen are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits Plaintiff was, at certain times, employed by Clasen and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Plaintiff's last day of work at Clasen was April 13, 2022. Lincoln admits that documents pertaining to Plaintiff's medical treatment and complaints are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that documents pertaining to Plaintiff's medical treatment and complaints are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff's last day of work at Clasen was April 13, 2022. Lincoln admits that documents pertaining to Plaintiff's medical treatment and complaints are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits Plaintiff submitted a claim for benefits from the Clasen Quality Chocolate Short Term Disability Plan (the "STD Plan"). Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that it sent a letter to Plaintiff dated March 14, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that it sent a letter to Plaintiff dated March 14, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that it received an appeal, along with additional documentation, of the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits that it sent a letter to Plaintiff dated May 21, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that it sent a letter to Plaintiff dated May 28, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that it received an appeal, along with additional documentation, of the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that documents pertaining to Plaintiff's medical treatment and complaints are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that it sent a letter to Plaintiff dated July 26, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that documents pertaining to Plaintiff's medical treatment and complaints are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that it sent a letter to Plaintiff dated August 28, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that medical reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that documents pertaining to Plaintiff's medical treatment and complaints are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that it sent a letter to Plaintiff dated October 16, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that medical reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that documents pertaining to Plaintiff's medical treatment and complaints are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that it sent a letter to Plaintiff dated November 4, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that vocational reviews

are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that it sent a letter to Plaintiff dated November 4, 2024, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that it received a letter from Plaintiff's counsel dated March 25, 2025, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that it sent a letter to Plaintiff's counsel dated April 1, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that it sent a letter to Plaintiff's counsel dated April 28, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that nurse reviews and occupational analysis/vocational reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that it received a letter from Plaintiff's counsel dated May 9, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that it sent a letter to Plaintiff's counsel dated May 29, 2025, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln admits that it was, at certain times, the claim administrator for Plaintiff's claim for benefits from the LTD Plan under the Policy that is the subject of the above-styled action. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that it issued the Policy to Clasen, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that documents containing information regarding Plaintiff's income received from Clasen and benefit amount from the LTD Plan under the Policy are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that it received first and second level appeals, along with additional documentation, of the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that it received first and second level appeals, along with additional documentation, of the denial of Plaintiff's claim for further benefits from the LTD Plan, but

Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that it received first and second level appeals, along with additional documentation, of the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies all allegations contained in Paragraph 45 of the Complaint.

46. Lincoln denies all allegations contained in Paragraph 46 of the Complaint.

47. Lincoln denies all allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies all allegations contained in Paragraph 48 of the Complaint.

49. Lincoln denies all allegations contained in Paragraph 49 of the Complaint.

50. Lincoln denies all allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies all allegations contained in Paragraph 51 of the Complaint.

52. Lincoln denies all allegations contained in Paragraph 52 of the Complaint.

53. Lincoln denies all allegations contained in Paragraph 53 of the Complaint.

54. Lincoln denies all allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits Plaintiff was, at certain times, employed by Clasen and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, and Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

**FIRST CAUSE OF ACTION:**

58. Lincoln incorporates its responses to Paragraphs 1-57 by reference as if fully set forth herein.

59. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln denies all allegations contained in Paragraph 60 of the Complaint.

61. Lincoln denies all allegations contained in Paragraph 61 of the Complaint.

62. Lincoln admits only that its decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln admits that it issued the Policy to Clasen, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that the terms of the Policy and the documents governing the LTD Plan require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration. Lincoln further admits only that its

decisions on Plaintiff's claim for benefits from the LTD Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln denies all allegations contained in Paragraph 65 of the Complaint.

66. Lincoln denies all allegations contained in Paragraph 66 of the Complaint.

67. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff has failed to state a claim upon which relief can be granted as Plaintiff failed to timely provide proof of claim and/or submit a claim for benefits as required by the Life Policy.

6. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

7. Lincoln reserves the right to assert additional defenses.

## COUNTERCLAIM

1. In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan. Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff. Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the LTD Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration. Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan. Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other

equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 19th day of August 2025.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Wisconsin, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Jessa L. Victor
Email: jvictor@hq-law.com

Forrest C. Stewart
Email: fstewart@hq-law.com

August 19, 2025 /s/ Iwana Rademaekers
Date Iwana Rademaekers